NICHOLAS MARTIN

*v.*

BENJAMIN BARNETT *et al.*

*Opinion filed December 20, 1900.*

1. TAXES—*one seeking to enjoin tax must make a case for equitable jurisdiction.* One who seeks to enjoin the collection of a tax must state facts which bring his grievance under some acknowledged head of equity jurisdiction.

2. SAME—*when equity will not entertain bill to enjoin tax.* Equity will not entertain a bill to enjoin the collection of complainant's personal tax where the only complaint is that the board of review acted illegally in raising his assessment, in that when he was before the board, in response to notice, he was not interrogated as to his own property but only concerning that of his neighbors.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

CHARLTON & COPELAND, (ROBERT S. ILES, of counsel,) for appellant.

JULIUS A. JOHNSON, and FRANK L. SHEPARD, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon a hearing of the issues made under complainant's bill for an injunction against appellees, the collector for South Chicago and the county collector of Cook county, to restrain the collection of taxes levied upon appellant's personal property for the year 1899, the court dismissed the bill for want of equity.

The board of review of Cook county raised the assessment of complainant's property as returned to the board, and he alleged that such action was illegal, on the grounds that when summoned before the board no objection to his assessment was stated to him and he was not interrogated as to his property but only concerning his neighbors', and therefore he was not afforded a legal hearing; and because the board raised the valuation only on the total assessment, without raising any particular items.

The only evidence produced at the hearing in the circuit court was the testimony of complainant and the proceedings of the board of review. The facts proved were as follows: Complainant was a tea and coffee dealer in Chicago, and made a schedule, under oath, of his personal property subject to taxation, which was accepted by the board of assessors. The property scheduled, and values, were: One horse, $20; one mule, $20; merchandise, $10,000; money on hand and in bank, $3000; household and office furniture, $200. The total valuation was $13,240 and the assessed valuation $2650. The board of review, after receiving the assessment, sent complainant a notice to appear before the board on Tuesday, September 12,

188—19

1900, at two o'clock P. M., to show cause why his assessment should not be increased. He appeared before the board, and the members were all in the room at separate desks, hearing the statements of persons notified to appear. Complainant's case was called by Fred W. Upham, president of the board, when complainant stepped up to the desk and Upham asked him how business was. Complainant answered that coffee had dropped from twenty-two and a half cents to fifteen cents, and the dealers ought not to pay any assessment at all. There was no talk about complainant's assessment, but Upham tried to find out from him about his neighbors. Complainant replied that he was not interested in their business, as he had all he could do to attend to his own. Upham said that as a lumber dealer he could tell how his neighbor lumber dealers stood. Complainant said he could not, and Upham told him that was all, and dismissed him. The board raised the valuation to $50,000 and the assessed values to $10,000.

A party who asks a court of equity to stay the collection of public revenues must state facts which bring his grievance under some acknowledged head of equity jurisdiction. Equitable remedies are only allowed in certain classes of cases, and the extraordinary power of injunction is exercised very sparingly where important public interests will be injuriously affected. In this case the complainant failed to state any case which would justify a resort to a court of equity. There was no fraud attempted or perpetrated by the board of review; and all that is claimed is an illegal exercise of unquestioned powers. Complainant's personal property was subject to tax. He had due notice and the board had full jurisdiction. A court of equity will not stay the collection of a tax in such case and enter upon an inquiry as to the mere question of the legality of the procedure before the board.

The decree is affirmed.        *Decree affirmed.*