ALBERT S. KINSLOE *et al.*

*v.*

JAMES B. POGUE *et al.*

*Opinion filed December 22, 1904.*

1. CERTIORARI—*when circuit court may award certiorari.* The circuit court may award the common law writ of *certiorari* to inferior tribunals and jurisdictions in the State if they have exceeded the limits of their jurisdiction or proceeded illegally and no mode is provided for reviewing their proceedings.

2. ELECTIONS—*provision that the decision in county seat election is final is a denial of appeal.* The provision of the statute that the decision of the county court in calling an election to change the county seat is final is equivalent to a failure to provide for a review of such decision by appeal or otherwise.

3. SAME—*right of signers of petition for county seat election to withdraw names.* Signers of a petition to call an election to change the county seat have the right to withdraw their signatures at any time before the county court has finally acted on the petition.

Writ of Error to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of DeKalb county; the Hon. George W. Brown, Judge, presiding.

This is a petition for a writ of *certiorari*, filed in the circuit court of DeKalb county by certain citizens and legal voters of said county, to require the county court of said county to send up its record wherein said county court had ordered an election to be held in said county for the purpose of voting upon the proposition to remove the county seat of that county from Sycamore to DeKalb. The petition was in the usual form, and alleged said county court was without jurisdiction to make the said order, and that there was no method provided by law whereby the order of said county court could be reviewed, by appeal or otherwise, as the statute provided the judgment of the county court, in ordering an election for the removal of a county seat, should be final. The writ was ordered to issue, and having been served upon the county judge and the clerk of the county court of said county, the clerk of the county court filed as a return to said writ the record of the county court in the matter of calling said election. A hearing was had upon the petition and return and a judgment was entered quashing the proceedings in the county court calling said election, which judgment has been affirmed by the Appellate Court for the Second District, and the record has been brought to this court for further review upon writ of error.

A. G. Kennedy, County Attorney, and H. W. Prentice, (L. C. Whitman, and H. W. McEwen, of counsel,) for plaintiffs in error.

Hopkins, Dolph, Peffers & Hopkins, (H. A. Jones, and D. J. Carnes, of counsel,) for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended the circuit court was without jurisdiction to issue the writ. The law is too well settled in this jurisdiction to now be questioned, that the circuit courts of this State may award the common law writ of *certiorari* to all inferior tribunals and jurisdictions within the State where it appears that they have exceeded the limits of their jurisdiction or where they have proceeded illegally and no appeal is allowed or other mode provided by law for reviewing their proceedings. (*People* v. *Wilkinson,* 13 Ill. 660; *Whitmer* v. *Commissioners of Highways,* 96 id. 289; *Commissioners of Mason and Tazewell Special Drainage District* v. *Griffin,* 134 id. 330; *Commissioners of Highways* v. *Quinn,* 136 id. 604; *Glennon* v. *Britton,* 155 id. 232; *Commissioners of Highways* v. *Barnes,* 195 id. 43.) In *People* v. *Wilkinson, supra,* the writ was issued by the circuit court to the county court, and in *Commissioners of Mason and Tazewell Special Drainage District* v. *Griffin, supra,* it was held that the writ lies, when issued by the circuit court, to all inferior tribunals and officers exercising judicial and *quasi* judicial functions. As has heretofore been said by this court: "It is unnecessary to multiply cases upon the authority of the court to issue this writ. It is a common law power and is vested in our circuit courts, which in this State are the highest courts of original jurisdiction." (*People* v. *Wilkinson, supra; Glennon* v. *Britton, supra.*) And in the *Griffin case* it was said (p. 340) : "The general rule seems to be that this writ lies only to inferior tribunals and officers exercising judicial functions, and the act to be reviewed must be judicial in its nature and not ministerial or legislative. (*Lock* v. *Loxington,* 122 Mass. 290; *State* v. *Mansfield,* 34 Minn. 250; *In re Wilson,* 32 id. 145; *Robinson* v. *Supervisors,* 16 Cal. 208; *Ex parte Fay,* 15 Pick. 243; *Stone* v. *Mayor,* 25 Wend. 157; *Esmeralda* v. *District Court,* 18 Nev. 438; *Thompson* v. *Multnomah County,* 2 Ore. 34.) But it is not essential that the proceedings should be strictly and technically 'judicial,' in

the sense in which that word is used when applied to courts of justice. It is sufficient if they are what is sometimes termed '*quasi* judicial.' The body or officers acting need not constitute a court of justice in the ordinary sense. If they are invested by the legislature with the power to decide on the property rights of others they act judicially in making their decision, whatever may be their public character.— *Robinson* v. *Supervisors, supra.*"

The statute authorizing the county court to call a county seat removal election provides that the decision of the county court in calling said election shall be final, which is an equivalent to failing to provide for the review of the action of the court in that regard, by appeal or otherwise. We think it clear, therefore, the circuit court did not err in issuing the writ.

The next question to be considered is, was the writ properly issued in this case? The statute providing for the removal of county seats (Hurd's Stat. 1903, chap. 34, p. 553,) provides the petition for removal must be signed by a number of legal voters of the county equal to two-fifths of the votes cast in said county at the last preceding presidential election. The court found that at the presidential election preceding the filing of the petition 8169 votes were cast in DeKalb county, and that two-fifths thereof was 3268. The petition, when filed, contained 3987 signatures, which were reduced to 3910 by striking therefrom certain names which were contested. On the convening of the county court at its September term, 1903, that being the term at which the petition properly came up for hearing, 1252 persons who had signed the petition for removal presented their petitions in the county court asking that they be permitted to withdraw their names from the removal petition. This the court declined to permit them to do. Had those names been permitted to be withdrawn from the removal petition, that petition, which was jurisdictional, would not have contained, by at least 500, the requisite number of signatures to give the

213—20

county court jurisdiction to order the election, and the petition, for want of a sufficient number of signatures, must have failed, and the court should have dismissed the same. The question whether the writ was properly issued in this case is therefore narrowed to the question whether those persons who sought to withdraw their names from the removal petition should have been permitted to withdraw them by the county court.

The petitions of withdrawal were presented to the court before the court had finally acted upon the petition and determined to call an election, and we are of the opinion they were presented in time, and that the persons signing them should have been permitted by the court to withdraw their names from the petition for removal. The right of a petitioner to withdraw his name from a petition before the tribunal authorized to act upon the petition has taken final action has recently been considered by this court in two cases,— *Littell* v. *Board of Supervisors of Vermilion County,* 198 Ill. 205, and *Theurer* v. *People,* 211 id. 296,—wherein the authorities were reviewed and the conclusion was reached that a petitioner has the right to withdraw his name from the petition at any time before the tribunal created by law to determine the matter submitted by the petition has finally acted. We see no difference in principle between the case at bar and those cases, and think the doctrine there announced should control in this case.

As the names of the petitioners who signed the petitions of withdrawal should have been eliminated from the petition for removal, it is apparent the county court, after said petitions of withdrawal were filed, exceeded its jurisdiction in ordering said election, and that the circuit court did not err in quashing the proceedings and the order of the county court in calling said election.

The judgment of the Appellate Court will therefore be affirmed.                    *Judgment affirmed.*