J. H. BELL, Appellant, *vs.* THE MATTOON WATER-WORKS AND RESERVOIR COMPANY, Appellee.

*Opinion filed June 18, 1908.*

1. CERTIORARI—*classes of cases in which the circuit court may award writ.* The circuit court may award the common law writ of *certiorari* to review the record of an inferior tribunal where such tribunal has exceeded its jurisdiction, or where it has proceeded illegally and no method is provided for a direct review of the proceeding by appeal, writ of error or otherwise.

2. SAME—*in condemnation cases the county court is not inferior to circuit court.* In proceedings under the Eminent Domain act to ascertain the compensation to be made for private property taken for public use, the county and circuit courts, and the judges thereof, have concurrent jurisdiction, and as the county court is not inferior to the circuit court in such a case, the circuit court cannot award *certiorari* to review condemnation proceedings in the county court, there being no appellate jurisdiction to be protected.

APPEAL from the Circuit Court of Coles county; the Hon. M. W. THOMPSON, Judge, presiding.

A. C. ANDERSON, for appellant.

CRAIG & KINZEL, and VOIGT & BENNETT, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Coles county denying the petition of appellant for a writ of *certiorari* directed to the county court of said county for the purpose of bringing before said circuit court for inspec-

tion the record of a proceeding instituted by appellee to ascertain the compensation to be paid to appellant for lands to be taken and used in constructing a reservoir to furnish water to the city of Mattoon.

There are two classes of cases in which the circuit court may award the common law writ of *certiorari* to bring before the court for its inspection the record of an inferior court, tribunal or jurisdiction exercising functions judicial in their nature: First, where it is shown that the inferior court, tribunal or jurisdiction has exceeded its jurisdiction; second, where it is shown that the inferior court, tribunal or jurisdiction has proceeded illegally and no appeal or writ of error will lie and no other mode of directly reviewing the procceding is provided. (*Hyslop* v. *Finch,* 99 Ill. 171; *Lees* v. *Drainage Comrs.* 125 id. 47; *White* v. *Wagar,* 185 id. 195.)   In proceedings under the Eminent Domain act to ascertain the compensation to be made for private property taken for public use the county court is not inferior to the circuit court.   County and circuit courts, and the judges of such courts, have equal and concurrent jurisdiction and powers.   Proceedings had in the county court under that act are not subject to review by the circuit court, and the circuit court in this case had no appellate jurisdiction to protect or defend by means of the writ.   If it were conceded that the county court stood in the relation of an inferior court to the circuit court in eminent domain proceedings, the petition for the writ did not show any want of jurisdiction.   It alleged the presentation of a petition, and did not allege that it was in any way defective or that there was any lack of service.   It showed that a jury was empaneled and compensation assessed, and that the court made an order for the payment to the county treasurer of the compensation awarded.   The petition did not show that the county court proceeded irregularly, and if it had, a writ of *certiorari* would not lie, for the reason that an appeal is allowed by the statute from the judgment of the county

court. The petition was wholly without merit and the court did not err in denying the writ.

The appellee has filed an additional abstract of the record and asks that the cost of the same shall be taxed to appellant. The additional abstract was unnecessary, for the reason that the abstract furnished by appellant showed that there was no error in the action of the court.

The judgment is affirmed.    *Judgment affirmed.*