(No. 20443.—

LIZZIE B. JARMAN, EXrx., Appellant, *vs.* THE BOARD OF REVIEW OF SCHUYLER COUNTY *et al.* Appellees.

*Opinion filed October 23, 1931.*

B. O. WILLARD, and CHARLES J. SCOFIELD, for appellant.

O. D. ARNOLD, State's Attorney, BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD, ROBERT B. CHIPERFIELD, and C. E. FLESHER, for appellees.

Mr. COMMISSIONER EDMUNDS reported this opinion:

Lizzie B. Jarman, executrix of the last will and testament of Lewis A. Jarman, deceased, filed a petition in the circuit court of Schuyler county praying that a writ of *certiorari* issue directed to the board of review of Schuyler county, Edwin H. Johnson, clerk of said board, Edwin H. Johnson, county clerk of Schuyler county, and Edwin H. Johnson, clerk of the county court of Schuyler county, commanding them, and each of them, to certify to the court a full, correct and complete copy of the record of said board so far as the same related to the alleged assessment of omitted credits for taxation against the estate of Lewis A. Jarman for the years 1921 to 1928, inclusive. An order was entered directing the issuance of the writ, return was made as hereinafter indicated, and after consideration thereof the court entered judgment quashing the writ and dismissing the suit. From this judgment Mrs. Jarman has appealed.

The return made indicated that on August 21, 1929, the board entered an order directing its clerk to notify appellant and all taxing bodies concerned that personal property

belonging to the estate of Lewis A. Jarman had been omitted from assessment and taxation for previous years; that the board was about to list and assess all such omitted property and that the time set for hearing would be August 28, 1929, when appellant might appear and show cause why the assessment should not be made; that such notice was in fact given; that on August 28 B. O. Willard, attorney for appellant, appeared before the board and requested a continuance; that a continuance was granted until September 3, 1929; that on the latter date "the matter of a hearing upon the proposed assessment against the personal property of L. A. Jarman estate omitted in former years was taken up by the board for examination, investigation and consideration, to determine the ownership, kind, character, amount and value of such omitted property;" that "those appearing before the board were B. O. Willard, attorney for Lizzie B. Jarman, executrix of the estate of L. A. Jarman, deceased, and attorney for Lizzie B. Jarman individually, and Ben Ray;" and that "on motion of said board of review it was ordered that the estate of L. A. Jarman be assessed on omitted personal property for prior years and amounts as follows:" Then appears the following table:

Year 1921, notes to the amount of........................ $1640
Year 1922, notes to the amount of........................ 4890
Year 1923, notes to the amount of........................ 21140
Year 1924, notes to the amount of........................ 22340
Year 1925, notes to the amount of........................ 33360
Year 1926, notes to the amount of........................ 41380
Year 1927, notes to the amount of........................ 53390
Year 1928, notes and certificate of deposit to the amount of.. 81790

Following this table appears the recital: "And that the county clerk be authorized and directed to extend taxes upon the same, with the various rates of taxation for years assessed, in school district No. 92, city of Rushville, and that the clerk file a certified copy of such assessment, together with the rate of taxation thereon, certified by him, with the county clerk of Schuyler county, Illinois." The return further showed that such certified copy was in fact so filed.

So far as it dealt with the assessor's books for the years 1921 to 1928, inclusive, the return did not show the amount of "credits, other than bank, banker," etc., as entered against Jarman by the assessor but did indicate the entry in each of said books as against Jarman of "final assessed value as fixed by county board of review, value, ........ dollars," the amount then inserted being in each case that shown hereinabove as being the amount fixed by the board for the year in question. The return also showed the following further entry in connection with Jarman in each of said books: "Assessment made by board of review September 3, 1929, against personal property, consisting of notes, omitted from assessment by L. A. Jarman, deceased."

Under a rule subsequently entered, over the protest of appellees, an amended return was filed, setting out matter in addition to that already described. Appellees urge that this additional matter was no part of the record of the board and should not be considered by the court. Inasmuch as a proper decision may be rendered upon the basis of the return as originally made it is unnecessary to set forth the matter in dispute or discuss its bearing upon this proceeding.

The material portions of the statute under which the board proceeded (Cahill's Stat. 1929, chap. 120, par. 346,) are as follows:

"Second— * * * *Provided,* that an assessment of real or personal property omitted from taxation by a decedent during his lifetime, shall be made against said property and be assessed in the name of the personal representative as executor, administrator or trustees of such decedent's estate. The owner of real or personal property, and the executor, administrator or trustees of a decedent, whose property may have been omitted in the assessment in any year or number of years, or on which a tax for which such property was liable, has not been paid, and the several taxing bodies interested therein, shall be given at least five

days' notice in writing by the board of the hearing on the proposed assessment of such omitted property and the board shall have full power to examine the owner, or the executor, administrator, trustees, legatees or heirs of such decedent or other person touching the ownership, kind, character, amount and the value of such omitted property or credits.

"Third—If the board shall determine that the property of any decedent was omitted from assessment during any year or number of years or that a tax for which such property was liable has not been paid, it shall be the duty of said board to give written notice to the executor, administrator or trustees of such decedent of the assessments made against such property and the amount thereof, and thereupon it shall be the duty of such executor, administrator or trustees to retain in his or their hands sufficient of the assets of such decedent's estate to pay the tax when extended on such assessment, and it shall be the duty of the county clerk to file in the county or probate court a copy of such assessment together with the rate of taxation thereon, certified by such county clerk, and upon the filing of such certificate the county or probate court shall enter an order directing such executor, administrator or trustees to deposit with the clerk of the court or to sequester sufficient of the assets of said estate to pay the taxes on said assessments when extended as now provided by law or to enter into bond in double the amount of said tax with sureties to be approved by the court conditioned for the payment of said tax when so extended, and when so extended by the county clerk the full amount of such tax shall be a claim of the first class against such estate.  *  *  *  For the purpose of enforcing the provisions of this act, the several taxing bodies interested therein are hereby empowered to employ counsel to appear before said board and take all necessary steps to enforce the assessment on such omitted property."

It is urged at the outset that the writ of *certiorari* lies only to review the proceedings of inferior officers and tribunals exercising judicial or quasi-judicial functions and that it may not be awarded where there is another adequate remedy open to the petitioner. Appellees accordingly insist that the circuit court had no jurisdiction to grant the writ in the present case because (1) the board of review did not act judicially or quasi-judicially; (2) appellant had an adequate remedy by filing objections in the county court to the application of the collector for judgment, as permitted by statute; (Cahill's Stat. 1929, chap. 120, par. 201;) (3) appellant had an adequate remedy by filing a bill for an injunction to restrain the collection of the tax; (4) appellant had an adequate remedy by perfecting an appeal from such order as might be entered in the county court allowing the amount due for taxes as determined by the board. In our opinion none of these grounds are decisive against appellant's right to the writ.

Consideration of the argument that the record of the board of review cannot be reviewed by *certiorari* may well be prefaced by reference to the case of *Ohio and Mississippi Railroad Co.* v. *Lawrence County,* 27 Ill. 50, where an increase was made in the valuation of the tax-payer's property. This court held that in the absence of statutory authorization no appeal from the ruling making the increase would lie to the circuit court. Among other things we said: "This section contains no provision for an appeal from the decision of the board, either to the board of supervisors or circuit court, but if the board were to refuse to make the reduction we are inclined to think that the decision could be reviewed on a *certiorari.*"

As to whether the board of review in the present case acted judicially, the rule is established that if the officers acting are invested by the legislature with power to decide on the property rights of others they act judicially in mak-

ing their decision, whatever may be their public character. (*McKeown* v. *Moore,* 303 Ill. 448.) The statute under which the board proceeded here required the giving of written notice of the "hearing," vested it with "full power to examine" the various parties touching the "ownership, kind, character, amount and value" of the "property," and provided that it "determine" whether any "property" was omitted from assessment during any year or whether "a tax for which such property was liable has not been paid." Obviously, the action taken by the board pursuant to these statutory provisions was judicial in its nature. The statement in *Maxwell* v. *People,* 189 Ill. 546, that "the board of review is a non-judicial body," strongly relied upon to sustain the argument that *certiorari* will not lie to review its action in the present case, is not decisive, because such board was not empowered, at the time of that decision, to exercise the functions which are under consideration here. The case of *Weber* v. *Baird,* 208 Ill. 209, cited by appellees, in which it is said that "the manner in which the board of review conducts its investigation is such that the tax-payer is not advised of the proofs heard or information obtained by the board relative to the ownership by him of property said to have been omitted from the schedule, nor has he an opportunity to contest the truth of such proof or such information before the board," was also decided before the enactment of the provisions under which the board proceeded here, and the principles there expressed manifestly have no application to the procedure here involved, in accordance with which formal notice and a hearing were prescribed.

In dealing with the argument that the writ of *certiorari* does not lie here because an adequate remedy was available in the form of objecting to the entry of an order of sale of the tax-payer's property in the county court, it is essential to bear in mind the rule in this State as to when the writ may properly be granted. In *Bell* v. *Mattoon Water-*

*works Co.* 235 Ill. 218, we stated this rule as follows: "There are two classes of cases in which the circuit court may award the common law · writ of *certiorari* to bring before the court for its inspection the record of an inferior court, tribunal or jurisdiction exercising functions judicial in their nature: First, where it is shown that the inferior court, tribunal or jurisdiction has exceeded its jurisdiction; second, where it is shown that the inferior court, tribunal or jurisdiction has proceeded illegally and no appeal or writ of error will lie and no other mode of directly reviewing the proceeding is provided." A similar statement of the rule may be found in many cases. (*Dewell* v. *Sny Island Drainage District,* 232 Ill. 215; *Schlink* v. *Maxton,* 153 id. 447; *Wright* v. *Highway Comrs.* 150 id. 138; *Lees* v. *Drainage Comrs.* 125 id. 47; *Ennis* y. *Ennis,* 110 id. 78; *Hyslop* v. *Finch,* 99 id. 171; *Miller* v. *Trustees of Schools,* 88 id. 26; *Doolittle* v. *Galena and Chicago Union Railroad Co.* 14 id. 381. See, also *Highway Comrs.* v. *Harper,* 38 Ill. 103.) The statutory provisions under which the board proceeded in the present case made the determination of the board the basis for a county court order calculated to secure forthwith sequestration of the amount found due or the giving of a bond in double that amount. The resort of the taxing authorities to the statutory provision cited by appellees (Cahill's Stat. 1929, chap. 120, par. 201,) became, consequently, purely hypothetical. Appellees themselves point out that the taxing officials had several distinct remedies, one of which was an action of debt against appellant, any one of which they could pursue for the purpose of collecting the tax against the Jarman estate. Nowhere do the statutes purport to furnish appellant any mode of direct review of the board's proceedings, and it cannot be said that she was accorded a direct review of such proceedings by virtue of a mere possibility that an adverse party might initiate further independent proceedings of a certain nature to which she might object.

In taking up the argument that the writ of *certiorari* does not lie here because an adequate remedy was available to appellant in the form of a bill in chancery to enjoin collection of the tax, further reference must be had to the rule already stated as to when circuit courts may award the writ. In this connection *Southworth* v. *Board of Education*, 238 Ill. 190, is decisive. We there said: . "In support of the cross-errors it is first urged by the board that appellant can have no relief by *certiorari* for the reason that an adequate remedy is afforded appellant by a chancery proceeding which is now pending between the parties in which an injunction against the condemnation proceedings and other relief is sought, and for the further reason that appellant has an adequate remedy by defending the condemnation suits. We do not think this point well taken. * * * The board had made a record which stood against the property of appellant, and if it had proceeded illegally or exceeded its jurisdiction it was her right to have that record quashed. Chancery is without power to quash the record, and it cannot be said that by resorting to chancery appellant elected the remedy there sought, to the exclusion of a proceeding such as this." A still further answer to the argument is found in the holding of this court that where no fraud is charged against the board of review and all that is claimed is an illegal exercise of unquestioned powers, chancery is without jurisdiction. *Martin* v. *Barnett*, 188 Ill. 288.

The jurisdiction of the circuit court to award the writ in this case being therefore established, there remains for consideration the question as to whether the decision of the board of review can be upheld.

Appellant points out that the board of review is required by statute to keep a record of its acts and proceedings (*People* v. *Vail*, 296 Ill. 61,) and that the board can act only by its record, (*People* v. *Schlitz Transfer Co.* 333 Ill. 333,) and contends that the decision here cannot be sus-

tained because the record returned does not show that the action taken was based on evidence, nor does it contain facts from which it may be seen that the board kept within the limits of its jurisdiction and observed the requirements of the law. Appellees insist that the validity of the board's action "is to be determined only by its acts in making the assessment and having the change so made by it entered on the assessment books;" that the jurisdiction of the board is indicated by the showing that appellant received notice and appeared before it and that the adoption of the order directing that an assessment on omitted property be made against the Jarman estate for the years in question, and the entries in the assessor's books under the head of "final value assessed as fixed by the board of review," make a record which is immune from attack in the present proceeding.

The office of the writ of *certiorari* and the question as to what the record which it brings up must show if the proceedings reviewed are to be sustained were given thorough consideration by this court in *Funkhouser* v. *Coffin*, 301 Ill. 257. Holding that the record made on the return of the writ in that case failed to show any facts upon which removal from office of a deputy superintendent of police was justified, we said: "There is no presumption of jurisdiction in favor of a body exercising a limited or statutory jurisdiction. Nothing is taken by intendment in favor of such jurisdiction but the facts upon which the jurisdiction is founded must appear in the record. Appellee has a right to a judicial review of the proceedings, 'and the record must show that the board acted upon evidence and contain the testimony upon which the decision was based, in order that the court may determine whether there was any evidence fairly tending to sustain the order.' The finding of the commission in removing the appellee from his position stated no evidence or any facts justifying his removal, simply saying on this point: 'Whereupon the com-

mission heard the evidence offered, and having considered all the evidence adduced herein, we find therefrom that the said M. L. C. Funkhouser is guilty as charged in the within and foregoing charges.' It is manifest that the finding that the appellee was guilty as charged is a mere conclusion of law. No fact was stated by which the court was able to see that that conclusion was true. 'A quasi-judicial tribunal of inferior jurisdiction must recite the facts, or preserve the facts themselves, upon which its jurisdiction depends.' * * * The record before us does not disclose in any way any facts constituting a cause for the removal of appellee from his position as a member of the police force of Chicago, and it cannot be told from an inspection of the record that any such facts existed, the only statement in the record being that the evidence was heard and appellee was found guilty as charged."

Referring to the *Funkhouser case* and summarizing the principles therein expressed this court said in *Carroll* v. *Houston,* 341 Ill. 531: "The record must show facts giving the inferior tribunal jurisdiction, and mere conclusions of law are not sufficient. The record must show that the board acted upon evidence, and it must contain the testimony upon which the decision was based in order that the court may determine whether there was any evidence fairly tending to sustain the order. * * * There is nothing in the *Funkhouser case* which changes the rule as it has existed in this State for many years."

In *Hopkins* v. *Ames,* 344 Ill. 527, it was held that a writ of *certiorari* to review the action of the civil service commission of the city of Chicago in discharging a policeman should be quashed, and it was therein stated that after a trial is had in the manner pointed out by statute and evidence is taken tending to show the guilt of the person charged, the action of the commission is final and not reviewable. The findings and decision of the commission were set forth in full in the record there returned, a tran-

script of the evidence taken was filed, and the record stated that the commission "proceeded to hear the testimony of the witnesses, a record of which is preserved and on file in the office of the commission."

The principle applied in these cases is decisive here. The record contains a recital that "the matter of a hearing" upon personal property of the Jarman estate omitted "in former years" was "taken up" by the board for "examination, investigation and consideration, to determine the ownership, kind, character, amount and value of such omitted property," and it then states that "those appearing before the board" were B. O. Willard, attorney for appellant, and Ben Ray. Without further recital it then sets forth the order specifying the nature of the property and fixing the amount of assessments for the years 1921 to 1928, inclusive. The return further shows that the amounts thus fixed were entered in the several assessors' books. Such a return makes no showing that evidence was heard fairly tending to sustain the determinations thus made for the several years in question or that any other proper basis existed for such determinations. Nor may it be more than assumed that any evidence whatever was heard or taken into account. In *Weber* v. *Baird, supra,* we said: "The board cannot decide that a tax-payer shall pay taxes on an amount arbitrarily fixed by the board." To uphold its determination here would be, in effect, to accord it the right of such arbitrary action.

The judgment of the circuit court is reversed and the cause is remanded, with directions to quash the proceedings of the board of review.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.
*Reversed and remanded, with directions.*