(No. 47316-

ALBERT P. NOWICKI, Appellant, v. EVANSTON FAIR HOUSING REVIEW BOARD *et al.,* Appellees.

*Opinion filed November 17, 1975.*

CREBS, J., took no part.

Kirkland & Ellis, of Chicago (William D. Maddux and Gary M. Elden, of counsel), for appellant.

Jack M. Siegel, Corporation Counsel, of Evanston, for appellees.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

In this case an administrative agency, established pursuant to an ordinance of a home rule municipality, determined that the ordinance had been violated and imposed a fine for the violation. The central issue before us relates to the procedure to be used to obtain a judicial review of that administrative determination.

The Evanston Fair Housing Review Board found the plaintiff, Albert Nowicki, guilty of violating the Evanston Fair Housing Ordinance and imposed a fine of $500. He brought this action to review the determination of the Board, and the circuit court of Cook County reversed on the ground that the finding was against the manifest weight of the evidence. The Board appealed, and the appellate court held that the circuit court was without jurisdiction of the plaintiff's action, reversed its judgment, and also affirmed the order of the Board. (25 Ill. App. 3d 129.) We granted leave to appeal.

The appellate court was of the opinion that the result it reached was compelled by the decisions of this court in *Paper Supply Co. v. City of Chicago* (1974), 57 Ill.2d 553, and *Cummings v. Daley* (1974), 58 Ill.2d 1. We do not agree with that interpretation of those opinions. Each of them involved an assertion by a home rule municipality of

the authority to determine for itself both the jurisdiction of the circuit court to review its municipal administrative determinations and the procedure to be followed in seeking judicial review of those determinations.

The *Paper Supply Co.* case involved the following provision of an ordinance of the City of Chicago:

> "The circuit Court of Cook County shall have the power to review the final administrative decisions of the Director of Revenue rendered pursuant to Subsection 200.3—9A and Subsection D of Section 200.3—8 [of the ordinance]. The provisions of the Administrative Review Act (Ill. Rev. Stat. 1973, paragraphs 264 through 279) and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of such final administrative decisions of the Director." (57 Ill.2d at 579.)

This provision of the ordinance was held invalid. The court stated:

> "*** The method of judicial review of the decisions of the defendant city's administrative agencies is not a 'function pertaining to its government and affairs' within the contemplation of section 6 of article VII of the Constitution of 1970, and the determination of the manner or method of such review is not within the powers conferred upon the City. Although section 200.3—9B is invalid, it is severable, and our holding it invalid does not affect the remainder of the ordinance." 57 Ill.2d at 580.

In *Cummings v. Daley,* the mayor of Chicago, acting upon the recommendation of the Chicago Commission on Human Relations, had suspended for 90 days the real estate licenses of the three plaintiffs, who sought to review that action by common law *certiorari.* The defendants contended that this method of review was unavailable because of section 9 of the Chicago Fair Housing Ordinance, which provided:

"*** Any broker whose license has been suspended or revoked by the Mayor, or any complainant aggrieved by the decision of the Mayor, shall have full right to appeal from such order of suspension or revocation in accordance with procedure specified in the Administrative Review Act of Illinois." (58 Ill.2d 1, 3.)

The defendants argued that this provision of the ordinance was tantamount to a legislative enactment and so was reviewable only under the provisions of the Administrative Review Act. (Ill. Rev. Stat. 1969, ch. 110, par. 265.) We rejected that contention and again pointed out, quoting from the *Paper Supply* case, that matters relating to the jurisdiction of courts, and the practice and procedure in those courts, were not functions pertaining to the government and affairs of a home rule municipality. For that reason we held that review by *certiorari* was not prohibited and proceeded to consider other issues in the case.

Another division of the Appellate Court, First District, in *Quinlan and Tyson, Inc. v. City of Evanston* (1975), 25 Ill. App. 3d 879, correctly perceived what the impact of these decisions was upon the authority of home rule units of government to control judicial procedure. The court there held invalid the provision of the Evanston ordinance now before us which, like the ordinances of the City of Chicago described above, attempted to govern the jurisdiction and procedure of the circuit court. But in the *Quinlan and Tyson* case the appellate court simply treated the proceeding as a common law writ of *certiorari* instead of an action under the Administrative Review Act, and went on to review upon the merits the decision of the Evanston Fair Housing Board.

It may be that there was a time when the distinctions between common law *certiorari* and statutory *certiorari* served a useful purpose. With the development of numerous forms of statutory *certiorari*, however, the boundaries of the original common law action became blurred. The story of that development in this State is detailed in a note

in 14 University of Chicago Law Review 270. The extent of the erosion of the distinctions between the common law writ of *certiorari* and statutory *certiorari* under the Retailers' Occupation Tax Act, for example, is illustrated by the following quotation from *Superior Coal Co. v. O'Brien* (1943), 383 Ill. 394, 400-401:

"While it is true that the writ of *certiorari* provided by the Retailers' Occupation Tax Act differs from the common-law writ of *certiorari* the differences are minor in the extreme. In a common-law *certiorari* proceeding the trial judge determines from the record alone whether there is any evidence fairly tending to support the order reviewed and cannot set aside the order unless it is palpably or manifestly against the weight of the evidence. In a so-called statutory *certiorari* proceeding under section 12, the court considers the whole record constituting the return to the writ, both as to questions of law and fact. No evidence is received in either instance."

Labels have long since lost their significance in determining the legal sufficiency of a complaint in an ordinary action at law or in equity, and we see no reason why they should retain significance in actions to review the determinations of administrative agencies. (See Davis, Administrative Law Treatise, ch. 24.) The prayer for relief in the present case stated:

"Plaintiff prays that said record be judicially reviewed and the decision, including the findings, along with the imposition of a penalty in the sum of $500.00 against the plaintiff, ALBERT P. NOWICKI, be reversed and that plaintiff be granted such other relief to which he may be legally entitled and the premises may require."

This complaint was sufficient and the appellate court erred in holding that the circuit court lacked jurisdiction to review the order of the administrative agency. The judgment of the appellate court is therefore reversed and

.. the cause is remanded to that court for disposition of the remaining issues.

*Reversed and remanded.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.