C & K DISTRIBUTORS, INC., Plaintiff-Appellant, *v.* THOMAS C. HYNES, Cook County Assessor, *et al.*, Defendants-Appellees.—COMBINED WAREHOUSE COMPANY, INC., *et al.*, Plaintiffs-Appellants, *v.* THOMAS C. HYNES, Cook County Assessor, *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 83—352, 83—359 cons.

Opinion filed March 9, 1984.

David C. Dillon, of Dillon & Nash, Ltd., of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey, Thomas J. McNulty, and Robert S. Vihon, Assistant State's Attorneys, of counsel), for appellees.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

This is an appeal from the dismissal of two petitions for writ of *certiorari* seeking review of the subject parcels' real property assessment classifications. Plaintiffs present two issues for review: (1)

whether a common law writ of *certiorari* is the proper means by which to seek direct review of the legality of a decision by the board of appeals or board of review; and (2) whether the mixed Class 5 and Class 6 classification presently assigned to the subject parcels violates the Illinois Constitution, the Revenue Act, or the Cook County Real Property Assessment Classification Ordinance as amended (Ordinance No. 80—0—14). For the reasons which follow, we affirm.

The two cases which are the subject of this appeal involve a dispute as to the legality of real property tax assessment classifications assigned by the Cook County Assessor (Assessor) and Cook County Board of Appeals (Board of Appeals or Board) to industrial real property owned or leased by the respective plaintiffs, C & K Distributors, Inc., and Combined Warehouse Company, Inc., *et al.* In each case plaintiffs petitioned the Board of Appeals seeking review of the assessment established for their respective property by the Assessor. Each plaintiff requested that the established market value of its property be reduced and that its property be reclassified from its existing mixed classification—partially Class 5, assessed at 40% of market value, and partially Class 6, assessed at 16% of market value—to an entirely Class 6 property assessment classification. Upon review, the Board of Appeals established a market value in excess of that requested by plaintiffs for their respective parcels and refused to alter the property assessment classifications. Plaintiff Combined Warehouse Company, Inc., then filed a complaint for tax injunction contesting the validity of the partial Class 5-Class 6 assessment classification assigned to its property. After the complaint was stricken with leave to amend said plaintiff filed an amended complaint for a writ of *certiorari* and plaintiff C & K Distributors, Inc., filed a complaint for a writ of *certiorari* for review of the Assessor's and Board of Appeals' actions. On December 6, 1982, the circuit court dismissed the complaints with prejudice. Plaintiffs' motion for rehearing was denied by order entered January 6, 1983. Plaintiffs appeal.

OPINION

The first issue raised by plaintiffs is whether, on the facts here presented, a common law writ of *certiorari* will lie for review of a decision by the Board of Appeals. Plaintiffs argue that the Board of Appeals exceeded its jurisdiction and that it acted illegally and, therefore, its actions may properly be reviewed under a writ of *certiorari*. Defendants maintain that the Board had jurisdiction and proceeded legally in the instant case and that the writ, therefore, does not lie.

■ The starting point of our analysis is to determine when the

writ may properly be granted. "It is the law in this State that circuit courts have the power to issue common law writs of certiorari addressed to all inferior tribunals whenever it is shown either that they have exceeded their jurisdiction or have proceeded illegally, and no direct appeal or other mode of direct review of their proceedings is provided." (*Goodfriend v. Board of Appeals* (1973), 18 Ill. App. 3d 412, 418, 305 N.E.2d 404; *Kinsloe v. Pogue* (1904), 213 Ill. 302, 72 N.E. 906.) The application of the writ of *certiorari* is limited to two classes of cases. It may be used to obtain a review over a decision by an inferior court or tribunal where (1) it is shown that such court or tribunal was without jurisdiction or where it exceeded its jurisdiction, or (2) it is shown that such court or tribunal did not "proceed legally," that is, where it did not follow the essential procedural requirements applicable to such cases. *Jarman v. Board of Review* (1931), 345 Ill. 248, 255, 178 N.E. 91; *Carroll v. Houston* (1930), 341 Ill. 531, 535, 173 N.E. 657; *Hartley v. Will County Board of Review* (1982), 106 Ill. App. 3d 950, 436 N.E.2d 1073.

Bearing these principles in mind, we turn to the facts of the instant case. Plaintiffs herein appeal the trial court's dismissal of their respective complaints for writs of *certiorari*. The question for determination is, therefore, whether the factual allegations contained in plaintiffs' complaints, which allegations must be taken as true for the purposes of a motion to dismiss, were sufficient to state a basis for review by common law writ of *certiorari*.

Plaintiffs, by their respective complaints, in substance allege that defendant Board of Appeals both exceeded its jurisdiction and acted illegally in classifying the subject parcels as a *prorata* mixture of Class 5 and Class 6. Specifically, plaintiffs' complaints contain the following factual allegations: (1) plaintiffs, through their attorney, appeared before the Board of Appeals and requested (a) a reclassification of the subject parcels from their existing classification, partially Class 5 and partially Class 6, to entirely Class 6, and (b) a reduction in the 1981 market value assigned to the subject parcels by the Assessor; (2) plaintiffs' requests for reclassification were denied, the market values of the subject parcels were reduced but the reduction was less than was requested; (3) the ordinance under which real estate taxes are assessed provides for classification of real estate, for purposes of assessment of real estate taxes, into several assessment classes which are taxed at various percentages of market value; (4) at all pertinent times said ordinance provided for the assessment of both new and substantially rehabilitated industrial property at 16% of market value (Property Assessment Class 6) rather than at 40% of market value,

the normal rate for industrial property (Class 5); and (5) the subject parcels meet the definitional standards for Class 6 contained in the ordinance. Plaintiffs also allege that a property nearby and comparable to plaintiffs was given an entirely Class 6 assessment classification. Plaintiffs further allege the absence of another method of review.

Plaintiffs' allegations that the Board of Appeals exceeded its jurisdiction and proceeded illegally are mere conclusions of law which need not be taken as true for purposes of a motion to dismiss. (*Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 531, 169 N.E.2d 747.) We must here determine whether plaintiffs' factual allegations are sufficient to state a claim for review by common law writ of *certiorari*.

Plaintiffs first contend that the Board exceeded its jurisdiction by refusing to alter the mixed Class 5- Class 6 property assessment classification applied by the Assessor to plaintiffs' parcels. In support of its allegation that defendant Board of Appeals exceeded its jurisdiction, plaintiffs argue that the power granted to an assessing official can only be exercised in accordance with the statutory requirements. Plaintiffs assert that the only valid property classifications are those specifically established by county ordinance and that any property classification not so established, such as the mixture of Class 5 and Class 6 applied to the subject parcels, is void. Plaintiffs further assert that, in light of the granting of an entirely Class 6 assessment classification to a property comparable to their parcels, the Board of Appeals' denial of plaintiffs' request for a Class 6 assessment constitutes "an unauthorized classification of real estate and a discriminatory taxation for which there is no basis in law" relying upon article IX, section 4(b) of the 1970 Illinois Constitution, which states that classifications of real property for the purpose of taxation "shall be reasonable and assessments shall be uniform within each class."

Jurisdiction is authority to hear and decide a cause. (*People ex rel. Raymond v. Talmadge* (1901), 194 Ill. 67, 68, 61 N.E. 1049.) It does not depend upon the correctness of the decision made and is not lost because of an erroneous decision. (*Baker v. Brown* (1939), 372 Ill. 336, 341, 23 N.E.2d 710.) Ordinance No. 80—0—14, the ordinance governing the assessments here at issue, provides in pertinent part that "[t]he Assessor shall assess and the Board of Appeals shall review assessments on real estate in the various classes ***." The applicable ordinance authorizes review of assessment classifications by the Board of Appeals; the Board, therefore, did have jurisdiction to review the assessment classifications assigned by the Assessor.

The allegations in the instant case do not challenge the jurisdic-

tion of the Board to hear and rule on the cause brought before it but instead question the result obtained thereby. The gist of plaintiffs' argument in this regard is that the Board has jurisdiction to act only insofar as its determinations were adjudged to be correct or that it had no jurisdiction to arrive at an erroneous determination. We do not adopt this limited definition of jurisdiction, however, for " '*** [t]he rulings of a court may be erroneous and yet it may have jurisdiction and proceed legally.' " (*Joyce v. City of Chicago* (1905), 216 Ill. 466, 471, 75 N.E. 184, quoting from *People ex rel. Maloney v. Lindblom* (1899), 182 Ill. 241, 245, 55 N.E. 358.) We find this principle applicable to the decisions of the Board of Appeals when acting judicially (see *Goodfriend v. Board of Appeals* (1973), 18 Ill. App. 3d 412, 305 N.E.2d 404), and we conclude, therefore, that the Board did not act outside its jurisdiction in confirming the assessment classifications.

■ Plaintiffs also contend that by refusing to alter the mixed property assessment classification the Board failed to proceed legally and that review by common law writ of *certiorari* is, therefore, proper. The term "proceed legally" in this context means to follow the essential procedural requirements applicable in such cases. (*Joyce v. Chicago; Hartley v. Will County Board of Review* (1982), 106 Ill. App. 3d 950, 436 N.E.2d 1073.) In *Hartley* the court found that review by common law *certiorari* was proper where plaintiff alleged that the board of review failed to give her notice and opportunity to participate in determinations as required by the applicable statute. The court therein stated that such failure constituted "a failure by the board to conform to the essential form of proceedings set forth and mandated by the statute. It is of little consequence whether we term such failure 'acting in excess of jurisdiction' or 'proceeding illegally,' that is, outside the essential form of procedures legally applicable. Whichever characterization we use, it is clear that such a failure is sufficient to state a basis for review by common law *certiorari*, providing that no adequate review is available by other manner." (106 Ill. App. 3d 950, 959-60, 436 N.E.2d 1073.) Plaintiffs in the instant case make no allegation of failure to conform to the essential *form* of proceeding. As stated above, their allegations, in substance, challenge the correctness of the Board's determination, not the procedure by which that determination was reached. We find, therefore, that plaintiffs herein have failed to allege sufficient facts to show that the Board "acted in excess of its jurisdiction" or failed to "proceed legally" and the trial court, therefore, did not err in dismissing plaintiffs' complaints for common law writ of *certiorari*.

■ Plaintiffs also raise the contention that they have no adequate

remedy at law and that review under the common law writ of *certiorari* is the only manner of review available. Plaintiffs admit that it is a well-settled rule in Illinois that a writ of *certiorari* will not issue if an adequate legal remedy is available. (*First National Bank & Trust Co. v. Rosewell* (1982), 93 Ill. 2d 388, 396, 444 N.E.2d 126, *cert. denied* (1983), 464 U.S. 803, 78 L. Ed. 2d 70, 104 S. Ct. 50; *Murphy v. Cuesta, Rey & Co.* (1942), 381 Ill. 162, 45 N.E.2d 26; *Kinsloe v. Pogue* (1904), 213 Ill. 302, 72 N.E. 906; *Hartley v. Will County Board of Review* (1982), 106 Ill. App. 3d 950, 436 N.E.2d 1073.) The legal remedy available to plaintiffs herein is the specific tax objection or "payment under protest" authorized by statute. (See Ill. Rev. Stat. 1981, ch. 1981, ch. 120, par. 675.) Our supreme court recently sustained the proposition that the availability of such legal remedy to the taxpayer precludes review under a writ of *certiorari*. (*First National Bank & Trust Co. v. Rosewell*; see also *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252.) And the Supreme Court has declared such legal remedy to be "plain, speedy and efficient." (*Rosewell v. La Salle National Bank* (1981), 450 U.S. 503, 67 L. Ed. 2d 464, 101 S. Ct. 1221.) We find that there was an adequate legal remedy available to plaintiffs in the instant case and that the complaint for common law writ of *certiorari* was, therefore, properly dismissed.

Plaintiffs' second issue raises questions regarding the correctness of the Board's determination and is, therefore, beyond the scope of this appeal.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

SULLIVAN and O'CONNOR, JJ., concur.