ESTEBAN TORRES, Plaintiff-Appellant, v. THE COUNTY OF KANE, PUBLIC AID COMMITTEE, *et al.*, Defendants-Appellees.

Second District   No. 84—693

Opinion filed January 25, 1985.

Sarah Megan, of Prairie State Legal Services, of Geneva, for appellant.

Robert J. Morrow, State's Attorney, of Geneva (Patricia Johnson Lord, Assistant State's Attorney, of counsel), for appellees.

JUSTICE REINHARD delivered the opinion of the court:

The defendants, Aurora Township and its township supervisor, Dennis Wiggins, notified plaintiff, Esteban Torres, that his general assistance grant issued under article VI of the Illinois Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, par. 6—1 *et seq.*) was being termi-

nated. Pursuant to section 11—8 of the Illinois Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, par. 11—8), plaintiff appealed the decision to terminate his welfare aid to the defendant, County of Kane, Public Aid Committee (county), which conducted a hearing, affirmed the decision, and denied the appeal.

Plaintiff then filed in the circuit court of Kane County his complaint for review of the administrative agency's decision by *certiorari* alleging, *inter alia*, that the decision of the county was against the manifest weight of the evidence and was not supported by the facts in the record. Following other proceedings below not pertinent to this appeal, written findings of fact were filed by the hearing officer of the county, and plaintiff filed a new motion for writ of *certiorari*, alleging solely that the decision was against the manifest weight of the evidence and not supported by facts in the record. The county filed a motion to dismiss the action, contending that the circuit court was without jurisdiction to review, by common law *certiorari*, whether the county's decision was against the manifest weight of the evidence. The trial judge granted the motion to dismiss, finding that review by *certiorari* was limited to issues of want of jurisdiction or the use of illegal procedures, which were not alleged in this proceeding.

The single issue raised on appeal by plaintiff is whether the circuit court has jurisdiction to review on application for a writ of *certiorari* an administrative agency's decision where the only issue sought to be reviewed in the circuit court is whether the agency's decision is against the manifest weight of the evidence.

The parties do not disagree that under section 11—8.7 of the Illinois Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, par. 11—8.7), the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*), while expressly applying to certain administrative decisions under the Code, does not apply to those public aid recipients who receive aid under article VI, as is the case with plaintiff. (*Miller v. Department of Public Aid* (1979), 69 Ill. App. 3d 477, 481-82, 387 N.E.2d 810.) Therefore, we must determine whether review of the county's administrative decision is available by common law *certiorari*, where the only issue sought to be reviewed is whether the county's decision is against the manifest weight of the evidence.

It is true that earlier decisions of our supreme court, as reflected by *Jarman v. Board of Review* (1931), 345 Ill. 248, 255, 178 N.E. 91, and cases cited therein, hold that the circuit court may award the common law writ of *certiorari* to review decisions of an administrative agency in only two classes of cases, those where the

agency exceeded its jurisdiction, and those where the agency has proceeded illegally. (See also *People ex rel. Nelson Brothers Storage & Furniture Co. v. Fisher* (1940), 373 Ill. 228, 25 N.E.2d 785.) However, in more recent decisions the Illinois Supreme Court has held that the substantial differences that at one time existed between common law and statutory *certiorari* have all but been obliterated. *Smith v. Department of Public Aid* (1977), 67 Ill. 2d 529, 367 N.E.2d 1286; *Homefinders, Inc. v. City of Evanston* (1976), 65 Ill. 2d 115, 357 N.E.2d 785; *Nowicki v. Evanston Fair Housing Review Board* (1975), 62 Ill. 2d 11, 338 N.E.2d 186.

Thus, we believe that common law *certiorari* is available to review the determination of an administrative agency on the ground that the agency's finding was against the manifest weight of the evidence where review under the Administrative Review Act is not provided (*Nowicki v. Evanston Fair Housing Review Board* (1975), 62 Ill. 2d 11, 338 N.E.2d 186), and have so held. (*Batley v. Kendall County Sheriff's Department Merit Com.* (1981), 99 Ill. App. 3d 622, 425 N.E. 1201; see also *Penrod v. Department of Corrections* (1979), 72 Ill. App. 3d 649, 391 N.E.2d 59; *S & F Corp. v. Daley* (1978), 59 Ill. App. 3d 1024, 376 N.E.2d 699.) While defendants rely on two recent appellate court decisions which appear to follow the older supreme court cases which limit the application of the common law writ of *certiorari* (*C & K Distributors, Inc. v. Hynes* (1984), 122 Ill. App. 3d 525, 461 N.E.2d 560; *Hartley v. Will County Board of Review* (1982), 106 Ill. App. 3d 950, 436 N.E.2d 1073), we decline to follow those decisions, and further note that they do not consider the more recent line of cases decided by our supreme court which eliminate the old distinctions between common law *certiorari* and review under the Administrative Review Act.

For the foregoing reasons, we reverse the June 26, 1984, order dismissing the action, and remand for further proceedings.

Reversed and remanded.

LINDBERG and HOPF, JJ., concur.