AMANDA ZAFEROPULOS, Plaintiff and Counterdefendant-Appellee, v. THE CITY OF CHICAGO *et al.*, Defendants (Jerald I. Much, Defendant and Counterplaintiff-Appellant).

First District (5th Division)   No. 1—89—1066

Opinion filed November 30, 1990.—Rehearing denied January 9, 1991.

Irving Slutzky, of Slutzky & Slutzky, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Sidney R. Berger, of Chicago (George B. Collins, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Defendant, Jerald I. Much, appeals from the entry of summary judgment pursuant to section 2—1005 of the Code of Civil Proce-

dure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005) in favor of plaintiff, Amanda Zaferopulos. We consider whether a decree foreclosing a demolition lien on plaintiff's alleged property was void for lack of subject matter jurisdiction. We reverse and remand.

Plaintiff filed a seven-count complaint, as amended, against defendant, City of Chicago (city), and Metromedia Company, Inc. (Metromedia). Neither the city nor Metromedia is involved in this appeal, and the case against them continues in the trial court. Counts I and II of plaintiff's amended complaint were directed against defendant and sought to collaterally attack a decree foreclosing a demolition lien on her alleged property entered in a previous action. In count I, plaintiff sought to quiet title to the property, and in count II, plaintiff sought to vacate the foreclosure decree and subsequent sheriff's sale as void for lack of subject matter jurisdiction. Defendant, the subsequent purchaser of the property, answered the complaint denying the material allegations. Plaintiff later moved for summary judgment, which was granted on counts I and II.

The property in question used the address of 7901 South Chicago Avenue, Chicago, Illinois, and its legal description was:

"Lots 75, 76, and 77 in the Subdivision of the West 1111 feet of the Northwest 1/4 lying Northeast of South Chicago Avenue in Section 36, Township 38 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois."

From 1952 to 1960, plaintiff's husband, Nick Zaferopulos, and her brother-in-law, Andrew Zaferopulos, owned the property, and in 1960, Nick Zaferopulos acquired sole interest. The property was improved with a 1½-story brick building.

The property next door to 7901 South Chicago used the address of 7909 South Chicago and its legal description was:

"Lots 78, 79, 80, 81, 82, 83, 84, and 85 in the Subdivision of the West 1111 feet of the Northwest 1/4 of Section 36, Township 38 North, Range 14 East of the Third Principal Meridian, lying Northeast of South Chicago Avenue, in Cook County, Illinois."

That property was held in a land trust for certain beneficial owners and was improved with a one-story frame building.

On November 14, 1973, the city filed an action under section 11—31—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 11—31—1) against Andrew and Nick Zaferopulos by which it sought a court order to demolish the building located at 7909 South Chicago. The complaint in that case described the property as being

on lots 75, 76, and 77. Andrew and Nick Zaferopulos were served by substitute service on "Mrs. Nick Zaferopulos" and they were also served by publication. Neither Andrew nor Nick Zaferopulos filed an appearance, and they were found in default. On July 1, 1974, a decree was entered authorizing the city to demolish the building at 7909 South Chicago and listed the legal description as lots 75, 76, and 77. Demolition permit number 492210 dated August 5, 1974, was issued for a one-story frame building at 7909 South Chicago.

Following demolition, on September 9, 1974, the city filed a claim for a lien to recover costs incurred in the demolition against lots 75, 76, and 77 with the address of 7909 South Chicago.

On December 30, 1974, the city filed a complaint to foreclose the lien naming Andrew and Nick Zaferopulos as defendants and sought a judicial sale of the property. The complaint alleged that the city demolished a building at 7909 South Chicago and cited the legal description for lots 75, 76, and 77. The sheriff's return of service in that case indicates that Andrew Zaferopulos was not served and Nick Zaferopulos was served by substitute service on "Mary Roe" who refused to identify herself. The city served them both by publication. They did not appear and were found in default. A decree of foreclosure was entered on August 26, 1975, and a judicial sale was authorized.

Ann Holly purchased the property at a sheriff's sale and recorded a sheriff's deed on April 9, 1976. The deed listed the legal description for lots 75, 76, and 77 and the address for 7909 South Chicago.

In 1976, at the direction of Nick Zaferopulos, the building at 7901 South Chicago was demolished by Daniel Wrecking Company, under permit number 518756. The permit, dated July 8, 1976, was issued for a one-story frame and brick building at 7901 South Chicago.

On August 17, 1979, Nick Zaferopulos conveyed the property at 7901 South Chicago to plaintiff. Plaintiff's deed is not in the record. Plaintiff filed the present action on March 2, 1984, and a *lis penden* notice against lots 75, 76, and 77 on April 16, 1984.

After several conveyances stemming from Holly, defendant received a quitclaim deed to the property on November 1, 1985, which stated it was subject to the claims in the present action.

Plaintiff's motion for summary judgment relied on affidavits from herself, Phil Zaferopulos, Erwin Horwitz, and Miles Cunat.

In her affidavit, plaintiff stated that there was only one building

on the property at 7901 South Chicago. A plat of survey for lots 75, 76, and 77, dated January 4, 1957, also showed that there was one building on the property. In 1976, Nick Zaferopulos hired a firm to demolish it. The building next door had the address of 7909 South Chicago and was demolished a few years earlier. Plaintiff stated that the city did not demolish a building on her property. She first became aware of an adverse claim to her property in the fall of 1983.

Phil Zaferopulos stated in his affidavit that he was plaintiff's son and between 1952 and 1973, he was on his parents' property innumerable times. There was only one building on the property and its address was 7901 South Chicago.

In his affidavit, Erwin Horwitz stated that he was one of the beneficial owners of a land trust for the property at 7909 South Chicago Avenue, which was next to the Zaferopulos property. However, a trust agreement dated in 1957 is part of the record, and it shows that the property's address was 7917-7935 South Chicago and its legal description was for lots 78, 79, 80, 81, 82, 83, 84, and 85. Horwitz also stated in his affidavit that there were no buildings between the building on his property and the building on the Zaferopulos property.

Miles Cunat stated in his affidavit that he was the manager of the eminent domain section at Chicago Title and Trust Company (Chicago Title) from 1969 to 1974 and he has been qualified to testify as an expert witness on the interpretation of Chicago Title's documents. Cunat relied on reports on possession for the properties in question dated September 9, 1970. The reports stated that 7901 South Chicago, which was owned by Nick Zaferopulos, was improved with a 1½-story brick building and 7909 South Chicago was improved with a one-story brick and frame building but the owners were unknown. In Cunat's opinion, based on his review of the reports and Chicago Title's file on the properties, the city demolished a building on lots 78, 79, 80, and 81 but foreclosed a lien on lots 75, 76, and 77.

Plaintiff also relied on a letter dated October 2, 1973, from Harris Trust & Savings Bank to the city's Department of Buildings. The bank returned a notice of violations for 7909 South Chicago because it did not hold title to the property but held a land trust for the property at 7917-7935 South Chicago. The bank stated that the property at 7909 South Chicago was owned by Andrew and Nick Zaferopulos.

Defendant filed a response to plaintiff's motion for summary

judgment without supporting affidavits.

The record contains a document from the city's Bureau of Maps and Plats certifying that 7901-7915 South Chicago had the legal description for lots 75, 76, and 77.

The trial judge found that the foreclosure decree was void for lack of subject matter jurisdiction. As a result, defendant's deed, stemming from the sheriff's sale, was also void. Summary judgment was granted in plaintiff's favor on count I, to quiet title, and on count II, to vacate the decree foreclosing the demolition lien. The judge made a finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal of the order and defendant now appeals.

OPINION

■■ Summary judgment should be granted if the pleadings, depositions, admissions, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) Whether the trial court had subject matter jurisdiction is a question of law and properly decided on a motion for summary judgment. *La Verne v. Jackman* (1967), 84 Ill. App. 2d 445, 228 N.E.2d 249.

■■ A judgment entered without subject matter jurisdiction is void and may be attacked at any time, either directly or collaterally. (*In re Marriage of Verdung* (1989), 126 Ill. 2d 542, 535 N.E.2d 818; *City of Chicago v. Central National Bank* (1985), 134 Ill. App. 3d 22, 479 N.E.2d 1040.) Subject matter jurisdiction is conferred on courts by the constitution or by legislative enactment (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893) and refers to the power of a court to hear the type of case presented (*In re Marriage of Hostetler* (1984), 124 Ill. App. 3d 31, 463 N.E.2d 955).

By this action, plaintiff collaterally attacks the decree foreclosing the city's demolition lien on her alleged property. Plaintiff contends that the decree was void for lack of subject matter jurisdiction because it contained the wrong legal description for 7909 South Chicago and because the city did not demolish a building on her property.

The record reveals considerable disagreement concerning the addresses of the properties involved. Plaintiff contends that her property, on lots 75, 76, and 77, used the address of 7901 South Chicago. The property next door, on lots 78, 79, 80, 81, 82, 83, 84, and 85, used the address of 7909 South Chicago. Plaintiff's conten-

tion is contradicted by other evidence that the address for lots 75, 76, and 77 was actually 7901-7915 South Chicago and the address for lots 78, 79, 80, 81, 82, 83, 84, and 85 was 7917-7935 South Chicago. Because of these conflicts, the city's demolition of a building at 7909 South Chicago on lots 75, 76, and 77 raises a question of whether the building was on plaintiff's property.

However, this question is not relevant to the issue on review, which is whether the court that entered the foreclosure decree had subject matter jurisdiction. Plaintiff does not challenge the trial court's power to hear demolition cases. Rather, plaintiff's challenge to subject matter jurisdiction centers on the merits of that court's decision: whether in fact the city demolished a building on her property.

■ Jurisdiction does not depend on the correctness of the decision made and is not lost because of an erroneous decision. (*People ex rel. Scott v. Janson* (1974), 57 Ill. 2d 451, 312 N.E.2d 620; *C & K Distributors, Inc. v. Hynes* (1984), 122 Ill. App. 3d 525, 461 N.E.2d 560.) Jurisdiction of the subject matter does not depend on the sufficiency of the pleadings or on the validity of the demand, the regularity of the proceedings, or the correctness of the decision. (*Lemons v. Lemons* (1978), 57 Ill. App. 3d 473, 373 N.E.2d 544.) A jurisdictional defect must appear from the record, and to make that determination, the court must review the pleadings, return of process, and judgment. *State Bank v. Thill* (1986), 113 Ill. 2d 294, 497 N.E.2d 1156.

■ In this case, plaintiff's claim that the city did not demolish a building on her property is outside the record of the previous foreclosure action. Based on the record presented, the trial court that entered the foreclosure decree had subject matter jurisdiction. Although plaintiff now contends that the court's decision was incorrect, such an argument cannot be made on a collateral attack of a judgment.

For the foregoing reasons, summary judgment in plaintiff's favor on counts I and II was improper.

Reversed and remanded for further proceedings consistent with this opinion.

COCCIA, P.J., and GORDON, J., concur.