THE PEOPLE ex rel. COOK COUNTY, Plaintiff-Appellant, v. CHESTER MAJEWSKI, Defendant-Appellee.

(No. 59788; ■■■■■■■)

First District (4th Division)—April 23, 1975.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Deputy State's Attorney, Paul P. Biebel, Jr., Stuart D. Gordon, and Lorence H. Slutzky, Assistant State's Attorneys, of counsel), for appellant.

Finne, Whitcup & Fiala, of Chicago (Edward M. Fiala, Jr., of counsel), for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

On April 10, 1973, the State's attorney of Cook County brought an action in the Circuit Court of Cook County against the defendant, Chester

Majewski, in the name of the People of the State of Illinois for the use of Cook County.

The issue presented for appeal is whether an assistant public defender is a public officer.

The complaint consisted of four counts: the first alleged fraud in that the defendant failed to perform any service for Cook County while employed as an assistant public defender; Count II alleged a breach of contract by the defendant in that he performed little, if any, service; Count III alleged a breach of fiduciary and contractual duties by providing little, if any, service; and Count IV alleged nonfeasance on the part of the defendant in that he performed little, if any, services during his tenure. Each count sought damages of $110,000, the amount of his salary for the years 1966 through 1971, plus interest and costs.

The defendant filed a motion to dismiss the complaint, and on August 27, 1973, the court entered an order finding that an assistant public defender is a public officer, and that Counts II, III, and IV of the complaint failed to state a cause of action based on the rule of law enunciated in *Kelly v. Chicago Park District* (1951), 409 Ill. 91, and *People ex rel. Dinneen v. Bradford* (1915), 267 Ill. 486. The order also dismissed Count I and granted leave to amend it.

In the cases of *Kelly* and *Bradford*, the court held that if one is lawfully entitled to a public office, the right to salary attaches to the office and it may be recovered in full irrespective of any service rendered and without regard to the fact that the office holder may have earned money elsewhere in private employment.

■■ The State's primary argument is that an assistant public defender cannot be a public official, because he exercises no sovereignty on behalf of a county. In *Hall v. County of Cook* (1935), 359 Ill. 528, the court quoted with approval language from Mechem on Public Officers:

> " 'The most importance characteristic which distinguishes an office from an employment or contract is, that the creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public; that some portion of the sovereignty of the county, either legislative, executive or judicial, attaches for the time being, to be exercised for the public benefit. Unless the powers conferred [by the act creating the office] are of this nature the individual is not a public officer.' " 359 Ill. 528, 539-40.

The State asserts an assistant public defender is merely a governmentally paid private counsel for indigent criminal defendants whose responsibility is to his clients and not the county. For authority the State

cites the cases of *United States ex rel. Wood v. Blacker* (D.N.J. 1971), 335 F. Supp. 43; *Brown v. Joseph* (3rd Cir. 1972), 463 F.2d 1046; and *Espinoza v. Rogers* (10th Cir. 1972), 470 F.2d 1174. In those cases the issue was whether the public defenders were performing under color of State law within the purview of the civil rights provisions of Federal law. The decisions were not relevant to the question of whether public defenders were public officers. In *Blacker*, the court cited the case of *State v. Rush* (1966), 46 N.J. 399, 414-15, 217 A.2d 441, 449, which states in part:

> "Thus the 'necessary expenses' of the prosecution are the burden of the county. Within that category must fall the expenses of providing counsel for an indigent accused, without which a prosecution would halt and inevitably fail under *Gideon v. Wainwright, supra*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799."

Clearly, the representation of indigent defendants is a requirement of due process of law which constitutes a delegation of sovereignty to the office of the public defender.

Article V, section 24, of the 1870 Illinois Constitution defined an office as "a public position created by the constitution or law, continuing during the pleasure of the appointing power, or for a fixed time, with a successor elected or appointed." In the case of *Fergus v. Russel* (1915), 270 Ill. 304, the court held that there were two requirements which must be met to determine whether a position is a public office: the first requirement is that the position be created by the Constitution or by statute, and second, it must be a permanent position with continuous duties.

The State contends the first requirement has not been met because the statute providing for the appointment of assistant public defenders requires discretionary action by the judiciary, and until the judiciary acts, no position of assistant public defender exists. The State also contends the second element of permanency is not met because the appointment of assistants is solely a matter of judicial discretion, and the position is, therefore, temporary in nature. Section 2 of the Public Defender Act (Ill. Rev. Stat. 1971, ch. 34, § 5602) provides for the creation of the "office of Public Defender," and section 6 of the Act provides for the appointment of assistants as follows:

> "The Public Defender shall have power to appoint, in such manner as the judges before mentioned shall direct, such number of assistants, all duly licensed practitioners, as such judges shall deem necessary for the proper discharge of the duties of the office, who shall serve at the pleasure of the Public Defender."

■■■ In light of the language which grants an assistant public de-

fender the power and authority to help "discharge the duties of the Public Defender," we believe the office has been created by the statute even though there is not an absolute certainty someone will occupy that office. In the instant case the defendant was in fact appointed to the office, so that State's argument has no validity here. Neither can we accept the assertion that the position is temporary in nature. In a county as large as Cook County, the demand for the services of the public defender is so great as to insure the continued existence of the office of assistant public defender.

The State next contends that even if an assistant public defender is accorded the status of a public officer, it does not necessarily follow that a salary must follow the title to an office. In its brief the State quotes from the case of *People ex rel. Dinneen v. Bradford* (1915), 267 Ill. 486, 495, as follows:

"It seemed to us the dictate of reason and good conscience that the State should not be required to pay for services never rendered; that public officers should be paid their salaries when, and only when, they discharge the duties imposed upon them by law."

The State neglected to quote the rest of the above passage in which the court stated:

"It must be remembered, however, that we are dealing with a practical and not an abstract question. And, practically, the difficulty in the view suggested is that it would be impossible to tell where the true line should be drawn; that is to say, how long an absence from official duties—how great a delinquency—shall work a forfeiture of salary. * * * The better and safer rule doubtless is, that if he is, in point of law, actually in office he has a legal right to the salary pertaining to it. His conduct may be such as to render him liable to removal, but when the statute makes no deduction for absence or neglect of duty and the State takes no step as a consequence of such absence or delinquency, we suppose it is the legal right of the officer to demand the full salary allowed him by law." 267 Ill. 486, 495-96.

The State also suggests that *Dinneen* along with the cases of *Mayfield v. Moore* (1870), 53 Ill. 428, and *Kreitz v. Behrensmeyer* (1894), 149 Ill. 496, stand for the proposition that elected officials are accountable to their electors. It concludes that because the defendant is not an elected official, he may not come within the rule because there exists no manner in which an unsatisfied public could directly remove him from his position.

■■ This argument is not persuasive because even though the defen-

274

dant was not answerable to the public, he was answerable to the Public Defender and could have been removed by him. Ill. Rev. Stat. 1971, ch. 34, § 5606.

■■ Finally, the State contends the defendant abandoned his office by accepting an incompatible office in that he was elected to the position of trustee of the Metropolitan Sanitary District in 1968. This issue is not properly before this court because it was not raised in the pleadings. It is well settled that a contention not advanced in the trial court is deemed waived for purposes of review. *Woman's Athletic Club v. Hulman* (1964), 31 Ill.2d 449; *Gowdy v. Richter* (1974), 20 Ill.App.3d 514.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.