**Marjane WARREN, Plaintiff,**

v.

**The Public Defender, Randolph STONE, individually and in his official capacity, the Ex–Public Defender, Paul Biebel, individually and in his official capacity, and Harry Comerford, individually and in his official capacity as Chief Judge of the Circuit Court of Cook County, and the County of Cook, Defendants.**

**No. 90 C 2296.**

United States District Court, N.D. Illinois, E.D.

Nov. 30, 1990.

Stuart K. Jones, Winnetka, Ill., for plaintiff.

Jane L. Stuart, Asst. State's Atty., Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

Plaintiff Marjane Warren brought an action against defendants Randolph Stone, ex-Public Defender, Paul Biebel, Public Defender, Harry Comerford, Chief Judge of the Circuit Court of Cook County, and The County of Cook, pursuant to 42 U.S.C.

§ 1983 after she was fired from her job at the Public Defender's Office. The plaintiff charges the defendants with violating her constitutional rights by depriving her of her property interests without due process of law. Defendants have filed a motion to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(6); they argue that the complaint fails to state a claim upon which relief can be granted. For the following reasons, the motion to dismiss is granted.

## BACKGROUND

Marjane Warren worked at the Cook County Public Defender's Office (PDO) as a Steno IV, from May, 1985, until October, 1987. She was hired to manage the purchase and installation of computers, and to organize computer files for the PDO. Throughout most of the period of time that she was employed by the PDO, Ms. Warren performed her duties well and enjoyed working for the PDO.

The plaintiff's good relationship with her employer ended in October of 1987, when defendant, Paul Biebel, accused her of destroying computer documents and personnel records. Ms. Warren explained that she had merely transferred documents from her own computer's hard disk to portable electronic recording tapes for security purposes. The record suggests that this explanation did not satisfy Mr. Biebel. The plaintiff alleges that as a result of this alleged infraction she was suspended from her job for three weeks without pay, and transferred to night bond court. Following her transfer, poor health forced Ms. Warren to go on medical leave from her job in night bond court from November, 1987, to March, 1988. Ms. Warren informed Mr. Biebel and the PDO that her physician recommended that she not return to work in night bond court because of her health. Nonetheless, in a letter dated April 21, 1988, Mr. Biebel officially transferred Ms. Warren to night bond court, and informed her that if she failed to report to work she would be terminated. Because of her medical condition Ms. Warren failed to report to work, and was subsequently terminated. Ms. Warren argues that given her poor health, her job transfer amounted to a con-structive discharge. She is suing the defendants for injuries associated with the loss of her job.

In Count I of her complaint the plaintiff alleges that the defendants breached her employment contract by constructively discharging her from her job without just cause. Count II alleges that the defendants deprived Ms. Warren of property without due process of law, in violation of the fourteenth Amendment of the Constitution of the United States. Counts III and IV are for the intentional infliction of emotional distress, and defamation of character. Hence, only Count II of the complaint is a federal claim; the other claims are brought before this court under the doctrine of pendant jurisdiction. Defendants argue that the complaint should be dismissed for failure to state a claim upon which relief can be granted, failure to state a claim under 42 U.S.C. § 1983, and lack of pendant jurisdiction.

## THE MOTION TO DISMISS

When ruling on a motions to dismiss the court will "take the allegations in the complaint to be true and view them, along with reasonable inferences to be drawn from them, in the light most favorable to the plaintiff." *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). A complaint should only be dismissed when "it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle plaintiff to relief." *Id.* In their brief in support of the motion to dismiss, the defendants present a number of compelling arguments for dismissal of plaintiff's entire complaint. The court, however, finds that it need only consider the motion to dismiss in the context of the federal claim.

Ms. Warren's federal claim is based on an alleged violation of 42 U.S.C. § 1983. The plaintiff argues that as an employee of the PDO, she was an employee of Cook County. She further argues that Cook County employees are protected by the Rules and Regulations Governing Employ-

ee Conduct, which only allow for employee discipline after a showing of just cause. The Rules, she asserts, create a protectible property interest in the jobs of Cook County employees. Ms. Warren does not assert any other facts which support her argument that she had a protected interest in her job.[1] Finally, the plaintiff contends that by transferring her Mr. Biebel constructively discharged her, thereby violating her constitutional rights by depriving her of her property without due process of law.

The defendants argue that Ms. Warren has no cause of action under section 1983 because she was employed at will by the state of Illinois. Defendants argue that where there is employment at will, there is no entitlement to a hearing before an employee is disciplined or discharged.

First, the court notes that not all public employees have a constitutionally protected interest in their jobs. *See e.g., Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In *Roth,* the Supreme Court explained that "[a]n employee must have more than a unilateral expectation for [a benefit]. He must have instead have a legitimate claim of entitlement to it." *Id.* This holding indicates that a property interest in a job is created by existing rules or understandings that stem from an independent source, such as state law. Hence, in determining whether Ms. Warren had a property interest in her position at the PDO, this court must look to Illinois law. The court notes that under Illinois law, absent a specific contractual agreement between employer and employee, or protection created by statute (like the Rules), employees are employed at will.

In the instant case, the court finds that as a matter of law, Ms. Warren was an employee of the state, not Cook County. As a state employee, the plaintiff was not covered by the Rules concerning employee discipline, and does not have a protectible interest in her job. Ms. Warren was hired, employed by, and terminated by the Cook County Public Defender's Office. The office of the Public Defender is statutorily under the Circuit Court of Cook County. (See Ill.Rev.Stat. Ch. 34, Par. 3-4001, et seq. (1989)). While Cook County is required to pay the salaries of employees of the Public Defender, the Illinois Supreme Court recently determined that the County serves no other role in their employment. *See Orenic v. State Labor Relations Board,* 127 Ill.2d 453, 130 Ill.Dec. 455, 468, 537 N.E.2d 784, 797 (1989) (Holding that the State, personified by the Chief Judge of each circuit is the employer of state judicial and non-judicial branch employees, including employees of the public defender).

In *Orenic,* the Supreme Court held that employees of the Public Defender (in this case assistant Public Defenders) are state employees, and that the counties are not even joint employers of those employees. *Id.*[2] The court believes that *Orenic* applies to all employees hired under Ill.Rev. Stat. Ch. 34, Par. 3-4008. While *Orenic* stemmed from a dispute involving collective bargaining, the court finds that the holding in *Orenic* is not limited to the issue of whether judicial and nonjudicial employees are jointly employed by the county and state for the purposes of collective bargaining. The *Orenic* court specifically determined that:

> Any conflict between traditional labor law principles and constitutional principles must be resolved in favor of the

---

**1.** Throughout her Brief in Opposition to the Motion to Dismiss the plaintiff asserts that for the purposes of a motion to dismiss, her employment status is a factual issue; she argues that the court must accept as true her allegation that she is a Cook County employee, and that the County Rules apply to her. This argument is unpersuasive. The issue of whether Ms. Warren is a Cook County employee is a question of law, which must be determined by Illinois constitutional and statutory provisions, along with the case law which interprets those provisions.

**2.** This court is aware of the Illinois Appellate court case cited by Warren which held that assistant public defenders were county employees. *Kurata v. Silverman,* 95 Ill.App.3d 89, 50 Ill.Dec. 609, 419 N.E.2d 717 (1981). However, that case was decided eight years before *Orenic,* an Illinois Supreme Court case, which states just the opposite; hence, *Orenic* is dispositive in this case.

latter; and treating county boards as joint employers with chief judges in respect of the courts' nonjudicial employees would unduly trench on the judicial branches' separate and equal status. *Id.* 127 Ill.2d at 485, 130 Ill.Dec. at 470, 537 N.E.2d at 799.

Hence, the *Orenic* decision resolved an issue of state constitutional law. It indicates that under Illinois law, the state judiciary exercises authority over its judicial and non-judicial employees, to the exclusion of the Counties.

The plaintiff's complaint indicates that this case turns on the question of whether Cook County's personnel rules apply to Ms. Warren, a non-unionized employee of the Public Defender's Office. Given the *Orenic* ruling, the court finds that, as a matter of law, Ms. Warren is a nonjudicial state employee, not an employee of Cook County. Since she is not a Cook County employee, the Cook County Rules on employee discipline do not apply in her case. Ms. Warren has alleged no other facts, outside of the Rules which suggest that she has an interest in her job under the fourteenth amendment. Given this court's holding, in order to survive defendants' motion to dismiss, Ms. Warren would have to allege that the rules or customs of the Public Defender's Office, or the state of Illinois, do not allow employee discipline without just cause. Because she has made no such allegation, this court finds that she has failed to state a claim under 42 U.S.C. § 1983, upon which relief can be granted.

Finally, the court notes that even if Ms. Warren were a County employee, her section 1983 claim would have to be dismissed. A successful section 1983 suit against a municipality requires a plaintiff to prove that she was injured, and "that some municipal policy, custom or practice proximately caused that injury." *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981). *See also, Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985). Hence, under this standard, in order to survive a motion to dismiss a plaintiff must allege in her complaint facts which could support a finding that municipal policies, customs, or practices caused her injury. In the instant case, the plaintiff has not met this burden.

Ms. Warren's assertion that the rights of "several other employees of the PDO" were similarly violated by Mr. Biebel is too vague to survive a motion to dismiss. The plaintiff would need to allege some concrete numbers, and present evidence that other employees were injured by the defendants' actions. A plaintiff's mere assertion that a policy exists is not enough to support a § 1983 suit against a municipality for purposes of a motion to dismiss; the "plaintiff must plead some fact or facts tending to support her allegation that a municipal policy exists that could have caused her injury." *Strauss*, 760 F.2d at 769.

Since the court finds that Warren has failed to allege a federal claim under § 1983, Count II of the plaintiff's complaint is dismissed. Counts I, III, and IV, the pendant state claims are also dismissed without prejudice. *See Trotter v. City of Chicago*, 573 F.Supp. 1269, 1276–77 (N.D. Ill.1983) (Where all federal claims are dismissed by a federal court, state claims will also be dismissed without prejudice).

## CONCLUSION

The court grants the defendants' motion to dismiss Count II of plaintiff's complaint for failure to state a claim under 42 U.S.C. § 1983. Counts I, III, and IV of the plaintiff's complaint are dismissed without prejudice for lack of pendant jurisdiction.